IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LISA PAKOVICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-cv-0090-MJR |
| | ) | |
| VERIZON LTD PLAN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND MEMORANDUM

**REAGAN, District Judge:**

### I. Introduction and Procedural History

On June 22, 2005, Plaintiff Lisa Pakovich filed suit against Broadspire Services, Inc., and Verizon Communications, Inc., under ERISA, 29 U.S.C. § 1132(a)(1)(B), after Broadspire decided that she was no longer entitled to long term disability benefits.[1] *Pakovich v. Broadspire Services, Inc.,* Case No. 05-445-MJR (S.D.Ill) (*Pakovich I*). The Court found in Pakovich's favor, in part, determining that Broadspire had unreasonably concluded that Pakovich was able to perform the essential functions of her sales position with Verizon Wireless, which was the standard for receiving disability benefits for the first 24 months. However, the Court also found that Pakovich was not entitled to disability benefits beyond the 24 months because benefits were only available in that instance if Pakovich was disabled under the "any occupation" standard. On appeal, the Seventh Circuit reversed this latter finding and ordered that the determination of long term disability under the "any occupation" standard be remanded to the Plan Administrator. ***Pakovich v. Broadspire Services, Inc.,* 535 F.3d 601 (7th Cir. 2008)**. On September 4, 2008, the Court vacated

---

[1] Co-defendant Verizon Communications, Inc., was terminated as a party on June 12, 2006. The Court granted Verizon's motion to dismiss because an ERISA suit for denied benefits must be brought against the plan itself and not against the employer. *Pakovich I*, Doc. 15.

its grant of summary judgment for Broadspire and remanded Pakovich's claim to the Plan Administrator for determination of her eligibility under the "any occupation" provision. *Pakovich I*, Doc. 72.

On January 30, 2009, Pakovich commenced the current action, under 29 U.S.C. § 1132(a)(1)B), claiming that Defendant's delay in making its determination - from September 4, 2008 to January 29, 2009 - constituted a "deemed denial" of her claim for benefits.[2] She asserted that the "deemed denial" was erroneous and that she was entitled to long-term disability benefits under Verizon's LTD Plan from July 2004 to the present time as well as interest on all unpaid amounts and cost of living adjustments. According to Pakovich, as of July 2004, the minimal monthly benefit owed to her was $720.20.

Defendant filed a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1) on account of mootness (Doc. 6). The motion is fully briefed, and an evidentiary hearing was held on July 16, 2009. For the following reasons, the Court **DENIES** Defendant's motion.

## II. Legal Standard

In evaluating motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), the Court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the plaintiff. ***McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006)**. The plaintiff bears the burden of establishing subject matter jurisdiction, and the court may look beyond the allegations of the complaint to determine whether subject matter jurisdiction exists. ***Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1999) ("The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on**

---

[2] On January 30, 2009, Pakovich filed suit against Aetna Life Insurance Company, Broadspire Services, Inc., and Verizon Communications, Inc. (*Pakovich II*). On July 17, 2009, the Court granted Defendants' motion to dismiss, without objection by Pakovich, and substituted Verizon Long-Term Plan ("Verizon LTD Plan") as the proper Defendant.

**the issue to determine whether in fact subject matter jurisdiction exists."**).

Article III, § 2 of the United States Constitution, provides that federal courts "may only adjudicate actual, ongoing controversies." *Honig v. Doe*, **484 U.S. 305, 317 (1988)**. "It is well established that the federal courts have no authority to rule where the case or controversy has been rendered moot." *Cornucopia Institute v. U.S. Dept. of Agriculture,* **560 F.3d 673 (7th Cir. 2009) (citing *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992)**. "Thus, 'if an event occurs while a case is pending ... that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.'" *Id.* **(citing *Church of Scientology,* 506 U.S. at 12** (**quoting** *Mills v. Green,* **159 U.S. 651, 653 (1895)**).

### III. Analysis

Defendant argues that this Court lacks jurisdiction over Pakovich's claims because those claims are moot in light of full payment of all benefits sought. According to Defendant, before a final decision was issued, Pakovich "jumped the gun" and filed *Pakovich II*, again seeking benefits under 29 U.S.C. § 1132(a)(1)(B). Defendant asserts that the benefits sought have been paid - with interest - and that there is nothing left for the Court to decide. Specifically, Defendant submits that Pakovich has received all back benefits due from July 14, 2004, to the present, *i.e.,* 60% of her salary minus the deduction for Social Security Disability awards, as required by the Plan, plus interest. Additionally, Pakovich was put "back on claim" to receive benefits into the future as long as she is qualified. Pakovich's monthly occupation benefits are $720.20 a month - the exact amount sought in her complaint. Lastly, Defendant contends that, because Pakovich is not a prevailing party, she is not entitled to any claim for attorney's fees.

Pakovich responds that the action is not moot because the Court's adjudication will affect her rights to the correct calculation of benefits, to a determination that she is and has been entitled to benefits and that, as a prevailing party, she is entitled to attorney's fees and costs. At the

evidentiary hearing, Pakovich's counsel submitted that it is within the Court's discretion to award attorney's fees. He contended that, unless the Court finds Pakovich disabled under the policy and enters an enforceable judgment, there is nothing to keep the company from promptly changing its mind and withdrawing benefits. Pakovich's counsel also made a public policy argument that disabled people will be deprived of representation if an insurance company can throw up hurdles to avoid paying benefits and then pay those benefits to cause the matter to become moot and to avoid payment of attorney's fees.

Defendant's counsel argued at the hearing that Pakovich's counsel was desperately trying to get an order saying that she prevailed, but there is no controversy between the parties on the merits. He submitted that the Supreme Court has held that mootness is a moving target and that a genuine controversy must continue throughout the existence of the case for the matter to be justiciable. Counsel asserted that the Court must dismiss case as moot with ancillary jurisdiction over attorney's fees.

Meaningful relief is all the relief that need be possible to avert a finding of mootness. ***Laskowski v. Spellings*, 443 F.3d 930, 934 (7th Cir. 2006), vacated on other grounds by *Univ. of Notre Dame v. Laskowski*, --- U.S. ----, 127 S.Ct. 3051 (2007)**; ***United States v. Segal*, 432 F.3d 767, 773 (7th Cir. 2005) (The court "should consider not whether it may return the parties to the status quo, but rather, whether it is still possible to fashion some form of meaningful relief to the plaintiff in the event he prevails on the merits.")**. Stated another way, "The core question in a mootness inquiry is whether 'granting a present determination of the issues offered ... will have some effect in the real world.'" ***Kennecott Utah Copper Corp. v. Becker;* 186 F.3d 1261, 1266 (10th Cir. 1999) (citing 13A Charles A. Wright *et al.*, Federal Practice & Procedure § 3533.1, at 226 (2d ed. 1984); *New Mexico Env't Dep't v. Foulston (In re L.F. Jennings Oil Co.)*, 4 F.3d 887, 889 (10th Cir. 1993) (finding case moot because resolution "would have no practical**

significance"); *see also Cornucopia Institute,* 560 F.3d at 676 (although plaintiff's "entire claim is not mooted simply because the specific relief it sought has been rendered moot, it must still demonstrate that the court's adjudication would affect it in some way.")).

In the opinion of the undersigned Judge, entering an enforceable judgment will have some effect in the real world. As Pakovich states, for five years she has attempted to recover the benefits due her. Without a judgment in her favor, she has no mechanism for maintaining those benefits that would not require a third trip to court and another 18 months of litigation. Indeed, her ability to secure representation and file another case would be severely curtailed if the Court were to endorse the result sought by Defendant, *i. e.,* that Pakovich is not entitled to an award of attorney's fees because she is not a "prevailing plaintiff." The case therefore remains justiciable because the Court's adjudication will have practical significance.

## IV. Conclusion

For the above-stated reasons, the Court **DENIES** Defendant's motion to dismiss for lack of subject matter jurisdiction on account of mootness (Doc. 6).

**IT IS SO ORDERED.**

**DATED this 29th day of July, 2009**

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge