## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LISA PAKOVICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No. 09-cv-0090-MJR** |
| | ) | |
| VERIZON LTD PLAN, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER AND MEMORANDUM

**REAGAN, District Judge:**

In the most recent chapter of the lengthy history of this ERISA action, Lisa Pakovich seeks disability benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) under the terms of the Verizon Long Term Disability Plan. On August 11, 2009 Verizon moved the undersigned Judge to reconsider his July 29, 2009, ruling on Verizon's motion to dismiss for lack of subject matter jurisdiction on account of mootness (Doc. 27).

To borrow a phrase from Judge Rovner of the Seventh Circuit, "We need not linger too long" on the matter before this Court. ***See United States v. Stephenson*, 557 F.3d 449, 454 (7th Cir. Feb. 17, 2009).** Verizon's motion to reconsider must be denied.

Verizon cites no particular Federal Rule of Civil Procedure under which the motion is brought, and those Rules do not specifically address motions to "reconsider." Rule 59(e) permits the filing of motions to alter or amend judgment "no later than 10 days after the entry of the judgment." Rule 60(b) authorizes motions for relief from final judgments or orders.

For many years, the Seventh Circuit (and this Court) used a bright-line test to determine whether Rule 59(e) or Rule 60(b) governed motions to reconsider. If the motion was filed *within* ten days of the date the challenged judgment or order was entered, Rule 59(e) applied. If the

motion to reconsider was filed *more* than ten days after the judgment or order was entered, then Rule 60(b) applied, no matter how the motion was labeled. ***See Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001); *Britton v. Swift Transp. Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997); *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 750 (7th Cir. 1995); *Hope v. U.S.*, 43 F.3d 1140, 1143 (7th Cir. 1994); *U.S. v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992); *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986)("all substantive motions served within 10 days of the entry of judgment will be treated as based on Rule 59").**

In 2008, the Seventh Circuit encouraged a different approach as to motions filed *within* the ten-day period:

> whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it. Therefore, the former approach – that, no matter what their substance, all post-judgment motions filed within 10 days of judgment would be construed as Rule 59(e) motions – no longer applies.   In short, motions are to be analyzed according to their terms....
>
> Neither the timing of the motion, nor its label ... is dispositive with respect to the appropriate characterization of the motion.

***Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir.),** *cert.* **denied, 129 S. Ct. 417 (2008),** *citing* ***Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006).**

***Borrero*** and its progeny have broadened the approach to motions filed within the ten-day period following entry of judgment.  And that is of consequence here because Verizon's motion was filed within ten days.

Verizon bases its motion for reconsideration on errors of law, a basis encompassed by Rule 59(e).  Accordingly, the Court will treat Verizon's motion as one brought under Rule 59(e). ***See id*. at 493-94,** *citing Osterneck v. Ernst & Whinney,* **489 U.S. 169, 174 (1989) (noting that**

Page 2

**Rule 59(e) encompasses reconsideration of matters decided on the merits);** *United States v. Antonelli,* **371 F.3d 360, 361 (7th Cir. 2004) (explaining that courts should look to the substance, not the label, of a** *pro se* **filing to determine its character**).

Construing Verizon's motion as brought pursuant to Rule 59(e), it is clear that it cannot prevail. Under Rule 59(e), the Court can reconsider an order only if Verizon can demonstrate a manifest error of law or present newly discovered evidence. ***Id., citing Sigsworth v. City of Aurora,* 487 F.3d 506, 511-12 (7th Cir. 2007)**.

Verizon has presented no newly discovered evidence but attempts to demonstrate a manifest error of law on the basis that Pakovich is suffering no current constitutional injury and, as a result, the Court lacks subject matter jurisdiction under Article III. Verizon again argues that this action is moot because it has paid all amounts due and no controversy remains for the Court to adjudicate.

In essence, Verizon is dissatisfied with the Court's ruling and is using its motion for reconsideration to rehash the merits of arguments previously raised by Verizon and rejected by the Court. ***Neal v. Newspaper Holdings, Inc.,* 349 F.3d 363, 368 (7th Cir. 2003) (no abuse of discretion in denying motion to reconsider where parties "simply took the opportunity to reargue the merits of their cases.");** *see also Manning v. Potter* **250 Fed.Appx. 743, 747, 2007 WL 2981342, \*3 (7th Cir. 2007).** The Court finds no reason to revisit its previous ruling.

Accordingly, the Court **DENIES** Verizon's motion for reconsideration of the Court's July 29, 2009 ruling (Doc. 27).

**IT IS SO ORDERED.**

**DATED this 25th day of November, 2009**


**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**

Page 4