IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LISA PAKOVICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-cv-0090-MJR |
| | ) | |
| VERIZON LTD PLAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I.   Introduction

The Court will briefly recite the well-known history of this case. On June 22, 2005, Plaintiff Lisa Pakovich filed suit against Broadspire Services, Inc., and Verizon Communications, Inc., under ERISA, 29 U.S.C. § 1132(a)(1)(B), after Broadspire decided that she was no longer entitled to long term disability benefits.[1] *Pakovich v. Broadspire Services, Inc.,* Case No. 05-445-MJR (S.D.Ill) (*Pakovich I*). The Court found in Pakovich's favor, in part, determining that Broadspire had unreasonably concluded that Pakovich was able to perform the essential functions of her sales position with Verizon Wireless, which was the standard for receiving disability benefits for the first 24 months. However, the Court also found that Pakovich was not entitled to disability benefits beyond the 24 months because benefits were only available in that instance if Pakovich was disabled under the "any occupation" standard. On July 24, 2008, the Seventh Circuit Court of

---

[1]Co-defendant Verizon Communications, Inc., was terminated as a party on June 12, 2006. The Court granted Verizon's motion to dismiss because an ERISA suit for denied benefits must be brought against the plan itself and not against the employer. *Pakovich I*, Doc. 15.

Appeals remanded Broadspire's denial of disability benefits to Pakovich under the "any occupation" definition to the Plan Administrator. ***Pakovich v. Broadspire Services, Inc., 535 F.3d 601 (7th Cir. 2008)***. On September 4, 2008, the undersigned Judge vacated his grant of summary judgment for Broadspire and remanded Pakovich's claim to the Plan Administrator for determination of her eligibility under the "any occupation" provision. *Pakovich I*, Doc. 72.

On January 30, 2009, Pakovich commenced the current action under 29 U.S.C. § 1132(a)(1)B), claiming that the Plan's delay in making its determination constituted a "deemed denial" of her claim for benefits.[2] She asserted that the "deemed denial" was erroneous and that she was entitled to long-term disability benefits under Verizon's LTD Plan from July 2004 to the present time as well as interest on all unpaid amounts and cost of living adjustments. According to Pakovich, as of July 2004, the minimum monthly benefit owed to her was $720.20.

The case is now before the Court on cross motions for summary judgment, which are fully briefed.

### II. Legal Standard

Summary judgment is appropriate where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. ***Turner v. The Saloon, Ltd., – F.3d –, 2010 WL 424580, *3 (7th Cir. Feb. 8, 2010); Durable Mfg. Co. v. U.S. Department of Labor, 578 F.3d 497, 501 (7th Cir. 2009),*** *citing* **FED. R. CIV. P. 56(c).** ***Accord Levy v. Minnesota Life Ins. Co., 517 F.3d 519 (7th Cir. 2008); Breneisen v. Motorola, Inc., 512 F.3d 972 (7th Cir. 2008),***

---

[2]On January 30, 2009, Pakovich filed suit against Aetna Life Insurance Company, Broadspire Services, Inc., and Verizon Communications, Inc. (*Pakovich II*). On July 17, 2009, the Court granted Defendants' motion to dismiss, without objection by Pakovich, and substituted Verizon Long-Term Plan ("Verizon LTD Plan") as the proper Defendant.

*citing Celotex Corp. v. Catrett*, **477 U.S. 317, 322-23 (1986).**

In ruling on a summary judgment motion, this Court must view in the light most favorable to the nonmovant the evidence plus all inferences reasonably drawn from the evidence. *Reget v. City of La Crosse*, **– F.3d –, 2010 WL 424581 (7th Cir. Feb. 8, 2010);** *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, **491 F.3d 625, 630 (7th Cir. 2007).** When cross-motions for summary judgment are filed, "we look to the burden of proof that each party would bear on an issue of trial; we then require that party to go beyond the pleadings and affirmatively to establish a genuine issue of material fact." *Diaz v. Prudential Ins. Co. of America*, **499 F.3d 640, 643 (7th Cir. 2007).** As the United States Court of Appeals for the Seventh Circuit has explained, on cross-motions for summary judgment, the Court must construe "the evidence and all reasonable inferences in favor of the party against whom the motion under consideration is made." *Durable*, **578 F.3d at 501,** *citing Rickher v. Home Depot., Inc.*, **535 F.3d 661, 664 (7th Cir. 2008).** *Accord Jefferson v. United States*, **546 F.3d 477, 480 (7th Cir. 2008).**

And when the nonmoving party bears the burden of proof, he must demonstrate the existence of a genuine fact issue to defeat summary judgment. *Reget*, **2010 WL 424581, *2.** That is, the non-movant must provide evidence on which the jury or court could find in his favor. *See Maclin v. SBC Ameritech*, **520 F.3d 781, 786 (7th Cir. 2008).**

**III.   Analysis**

Pakovich contends that from July 24, 2008, through at least January 30, 2009, the Plan failed to communicate any decision regarding her eligibility for disability benefits, despite the Seventh Circuit's direction that the Plan make such a determination. On November 10, 2008, Pakovich's physician, Dr. Lawrence Harmon, provided the Plan with a report which concluded,

3

based on objective findings made during the doctor's July 13, 2004, examination as well as his knowledge of Pakovich's specific medical conditions, "Lisa Pakovich was unable to work and unable to engage in any gainful employment of any sort for any period of time in excess of two hours." Doc. 2, Exhibit B. Dr. Harmon informed the Plan that Pakovich had been continuously unable to engage in any form of gainful employment from February 4, 2003, through the present. *Id*.

Pakovich claims that she was compelled to file the instant lawsuit because - despite the Seventh Circuit's July 2008 remand - the Plan had failed to communicate a decision on the merits of her claim for disability benefits some six months later. A little more than one month after suit was filed, on March 6, 2009, the Plan's claim handler, Maribel Amor, told Pakovich's counsel that the Plan had agreed to pay Pakovich "any occupation benefits" from July 15, 2004, "subject to final approval" from management. *See* Doc. 33, Exhibit A, Barron Affidavit.

Pakovich submits that an order of this Court finding for her and awarding her benefits is necessary to prevent the Plan from simply changing its determination and cutting off benefits in a manner inconsistent with the Plan documents and the applicable statutory provisions, rules, regulations and case law. Pakovich asserts that she has incurred substantial attorneys' fees and costs since November 2006 in an effort to recover the benefits to which she is entitled. She contends that but for the efforts of her attorney, she would not have received the benefits which, after five years of litigation, the Plan now concedes she is contractually entitled to receive.

The relief sought by Pakovich is fourfold: that the Court find that she is a prevailing party and as such is entitled to benefits in the amount of $720.00 a month until age 65 or until such time as she is determined to be no longer eligible for benefits, a reasonable award of attorneys' fees,

and reasonable costs.

The Plan counters that Pakovich "jumped the gun," filing the instant action before the Plan issued its final decision which ultimately accepted her claim. The Plan submits that, one month after the lawsuit was filed, Pakovich's claim was accepted and she was informed that she would receive all back amounts owed for "any occupation" and would continue to receive benefits as long as she is qualified. *See* Doc. 39, Exhibit 8. According to the Plan, Pakovich admits that she is receiving "all benefits" under the Plan.

The Plan argues that the Court must dismiss this case as moot because there is no controversy and without controversy there can be no jurisdiction. In particular, the Plan contends that (1) a current constitutional injury must precede any remedy; (2) Pakovich has no current constitutional injury; and (3) the Court cannot order future benefits.

Although the standard differs when the Court is considering a motion for summary judgment rather than a motion to dismiss, the motion now before the Court was argued at length on the Plan's motion to dismiss with little variation. Put simply, the Court previously determined - and it is the law of the case - that meaningful relief is available to Pakovich - and that is all the relief that need be possible to avert a finding of mootness. **Laskowski v. Spellings, 443 F.3d 930, 934 (7th Cir. 2006), vacated on other grounds by** *Univ. of Notre Dame v. Laskowski***, 551 U.S. 1160 (2007);** *United States v. Segal***, 432 F.3d 767, 773 (7th Cir. 2005) (The court "should consider not whether it may return the parties to the status quo, but rather, whether it is still possible to fashion some form of meaningful relief to the plaintiff in the event he prevails on the merits.")**. Stated another way, "The core question in a mootness inquiry is whether 'granting a present determination of the issues offered ... will have some effect in the real world.'" ***Kennecott***

*Utah Copper Corp. v. Becker;* **186 F.3d 1261, 1266 (10th Cir. 1999) (citing 13A Charles A. Wright** *et al.***, Federal Practice & Procedure § 3533.1, at 226 (2d ed. 1984);** *New Mexico Env't Dep't v. Foulston (In re L.F. Jennings Oil Co.)***, 4 F.3d 887, 889 (10th Cir. 1993) (finding case moot because resolution "would have no practical significance");** *see also Cornucopia Institute,* **560 F.3d at 676 (although plaintiff's "entire claim is not mooted simply because the specific relief it sought has been rendered moot, it must still demonstrate that the court's adjudication would affect it in some way."))**.

As the Court concluded in its July 29, 2009, Order and affirmed on reconsideration on November 25, 2009, entering an enforceable judgment will have some effect in the real world. *See* Docs. 26, 35. As Pakovich states, for five years she has attempted to recover the benefits due her and has thereby incurred substantial attorneys' fees and costs. Without a judgment in her favor, she has no mechanism for maintaining those benefits that would not require a third trip to court and another 18 months of litigation. Moreover, her ability to secure representation and file another case would be severely curtailed if the Court were to endorse the result sought by the Plan, *i. e.,* that Pakovich is not entitled to an award of attorneys' fees because she is not a "prevailing plaintiff." The case therefore remains justiciable because the Court's adjudication will have practical significance.

Because the Plan's motion for summary judgment and its response to Pakovich's motion merely reiterate arguments previously made and rejected, the Court **GRANTS** Pakovich's motion for summary judgment (Doc. 33) and **DENIES** the Plan's motion for summary judgment (Doc. 40). In summary, the Court finds that Pakovich is currently disabled under the "any occupation" definition of the Plan and that Verizon LTD Plan must pay Pakovich disability benefits

of $720.00 by the first day of each month until such time as Pakovich either reaches the age of 65 or until such time as Verizon, consistent with the terms of the Plan and applicable ERISA regulations, determines that Pakovich is no longer entitled to benefits.  The Clerk of Court shall enter judgment in favor of Plaintiff Lisa Pakovich and against Defendant Verizon LTD Plan.  The Court will rule on Pakovich's motion for attorneys' fees (Doc. 32) by separate Order.

**IT IS SO ORDERED.**

**DATED this 24th day of March, 2010**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**