IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA PAKOVICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 09-cv-0090-MJR |
| | ) |
| VERIZON LTD PLAN, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I.   Introduction

Lisa Pakovich moves for an award of attorney's fees and costs pursuant to 29 U.S.C. §1132(g) (Doc. 32). On March 24, 2010, on cross-motions for summary judgment, the Court granted Pakovich's motion for summary judgment, denied Verizon LTD Plan's motion and ordered the Clerk of the Court to enter judgment in favor of Pakovich and against the Plan (Doc. 45). On the same day, the Clerk entered judgment (Doc. 46). Now before the Court is Pakovich's motion for attorney's fees (Doc. 32), which is fully briefed and ready for disposition.

### II.   Legal Standard

A prevailing party is a litigant who "wins the battle" on a "substantial part of the litigation." *Slane v. Mariah Boats, Inc.*, 164 F.3d 1065, 1068 (7th Cir.), *cert. denied*, 527 U.S. 1005 (1999); *First Commodities Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985). Under ERISA, "there is a 'modest presumption' in favor of awarding fees to the prevailing party, but that presumption may be rebutted.'" *Stark v. PPM America, Inc.*, 354 F.3d 666, 673 (7th Cir. 2004) (quoting *Senese v. Chicago Area I.B. of T. Pension Fund*, 237 F.3d 819,

826 (7th Cir. 2001)).  "In analyzing whether attorney's fees should be awarded to a 'prevailing party' in an ERISA case, a court should consider whether the losing party's position was justified and taken in good faith." *Tate v. Long Term Disability Plan for Salaried Employees of Champion Intern. Corp*. **No. 506, 545 F.3d 555, 564 (7th Cir. 2008)** (**quoting** *Quinn v. Blue Cross & Blue Shield Ass'n*, **161 F.3d 472, 478 (7th Cir. 1998);** *see also Sullivan v. William A. Randolph, Inc*., **504 F.3d 665, 672 (7th Cir. 2007) (embracing the simpler test and finding that the five-factor test "perhaps has outlived its usefulness."**)).  "In determining whether the losing party's position was 'substantially justified,' the Supreme Court has stated that a party's position is 'justified to a degree that could satisfy a reasonable person.'" *Trustmark*, **207 F.3d at 884 (quoting** *Pierce v. Underwood*, **487 U.S. 552, 565 (1988)**).

The starting part for determining a reasonable fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Anderson v. AB Painting & Sandblasting Inc.,* **578 F.3d 542, 544 (7th Cir. 2009) (quoting** *Hensley v. Eckerhart,* **461 U.S. 424, 433-34, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).**  Hours are not reasonably expended "if they are excessive, redundant, or otherwise unnecessary." *Stark v. PPM Am., Inc.,* **354 F.3d 666, 674 (7th Cir.2004) (citing** *Spegon v. Catholic Bishop of Chi.,* **175 F.3d 544 (7th Cir.1999)).** Hours also not reasonably expended are those "spent litigating claims on which the party did not succeed to the extent they were distinct from claims on which the party did succeed." *Id.* **(citing** *Spegon,* **175 F.3d 544)**.

The reasonable hourly rate is the market rate, "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the kind of work in question." *Id.* **(citing** *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205,* **90 F.3d 1307 (7th Cir.1996)).** The burden of proving the market rate is on the applicant, but "once the attorney

provides evidence of the market rate, the burden shifts to the opposing party to show why a lower rate should be awarded." *Id*. at 674-75 (citing *McNabola v. Chi. Transit Auth.,* 10 F.3d 501 (7th Cir. 1993)). "The best evidence of the market value of legal services is what people will pay for it." *Id.* at 675 (citing *Balcor Real Estate Holdings, Inc. v. Walentas Phoenix Corp.*., 73 F.3d 150 (7th Cir. 1996)).

After the basic lodestar is determined, it can be adjusted based on twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Anderson,* 578 F.3d at 544 n. 1 (quoting *Hensley,* 461 F.3d at 430 n. 3).

### III.  Analysis

Having secured summary judgment, Pakovich is a prevailing party herein. Moreover, that she obtained not "meager relief" but everything that she sought in this litigation weighs against a finding that the Plan had a substantial justification for opposing this suit. *See Sullivan v. William A. Randolph, Inc*., 504 F.3d 665, 671-72 (7th Cir. 2007). The undersigned Judge also questions the Plan's good faith in asserting that Pakovich "jumped the gun" in filing this action when it failed to communicate a decision on the merits of her claim for disability benefits until March 6, 2009, approximately one month after the action was filed. Pakovich had received no determination from the Plan by January 30, 2009, despite the facts that (1) Pakovich's claim of disability had been the subject of litigation since June 22, 2005; (2) the Seventh Circuit remanded the denial of disability

benefits under the "any occupation" definition to the Plan Administrator on July 24, 2008; and (3) Dr. Harmon's report regarding Pakovich's disability was provided to the Plan on November 10, 2008.[1] In other words, it took the Plan in excess of seven months to make its determination after the remand when so many of the facts were well-known and the matter had been heavily litigated. The Court finds that the Plan's opposition to this lawsuit does not meet the standard of good faith. In sum, the Plan's position is not "justified to a degree that could satisfy a reasonable person," and an award of attorney's fees is warranted.

Despite the foregoing, Pakovich's motion for fees and costs must be denied for two reasons: (1) the Seventh Circuit denied her request for fees, costs and expenses incurred since this Court's November 7, 2006 Order; and (2) Pakovich's request for fees and costs lacks substantiation.

First, the Court cannot help but look with a somewhat jaundiced eye at Pakovich's motion for attorney's fees for what she calls her "trip to the Seventh Circuit." Despite Pakovich's assertion that the matter of fees when decided by the appellate court was premature and that the case now stands in a different posture, that is simply not the basis on which the Seventh Circuit ruled on Pakovich's motion for fees on hearing and rehearing. In its original opinion, the Court denied, without explanation, "Pakovich's request for reasonable attorney's fees, costs and expenses incurred since the district court's Order on November 7, 2006." **Pakovich v. Broadspire Services, Inc., 535 F.3d 601, 607 (7th Cir. 2008)**. On rehearing, the Court affirmed its decision to deny Pakovich's request for attorney's fees and costs on appeal. Doc. 36, Exhibit 2, Seventh Circuit Decision on Rehearing for Fees. The Court explained that, even if Pakovich were deemed a "prevailing party,"

---

[1] Indeed, the Plan's knowledge of Pakovich's disability claim predates October 2002. As of October 31, 2002, the Plan had reached the conclusion that Pakovich was "disabled from performing the duties of [her] regular job." *See Pakovich I*, Doc. 1. In May, 2004, the Plan denied her claim for long term benefits and informed her of her right to bring an action under ERISA. *Id.*

this alone would not entitle her to attorney's fees. *Id*. The Court continued,

> In ERISA actions, attorneys' fees are to be awarded on the basis of whether the 'losing party's position [was] substantially justified and taken in good faith, or [whether] that party [was] simply out to harass its opponent.' Here, assuming Defendant-Appellee Broadspire Services is the 'loser,' it cannot be said that its position on appeal was simply to harass Pakovich, when it was defending the district court's approach to a novel issue in this Circuit. *Id*.

In sum, the Seventh Circuit found that even assuming Pakovich to be the prevailing party and the Plan the "loser," Pakovich could not prevail because the Plan's position on appeal was substantially justified and taken in good faith. This Court must apply the same standard and cannot overrule the Court of Appeals in its finding that Pakovich is not entitled to attorney's fees incurred on appeal. Stated another way, the undersigned Judge declines to (and cannot) say "yes," where Pakovich was twice told "no" by the Court of Appeals. Pakovich's motion for attorney's fees and costs incurred on appeal must be denied.

Second, Pakovich's request for attorney's fees and costs is fatally defective because of the absence of required documentation. Pakovich's counsel has failed to provide even rudimentary documentation of either the attorney's fees or the costs that he is seeking. As for the costs, no receipts, invoices, or vouchers are attached to verify the amounts claimed in Pakovich's motion. And as for the attorney's fees, Pakovich's counsel has provided no documentation regarding a reasonable hourly rate, the number of hours reasonably expended or any evidence relative to the twelve factors set forth above upon which basis the basic lodestar can be adjusted. Counsel has the burden to "produce satisfactory evidence - *in addition to the attorney's own affidavits* - that the requested rates are in line with those prevailing in the community." **Connolly v. National Sch. Bus. Serv., Inc., 177 F.3d 593, 596 (7th Cir. 1999) (emphasis added)**.

In this case, Pakovich's counsel has not provided his own affidavit, much less the

affidavit of any other attorney practicing the same type of law in the same market area to show what his or her normal hourly rates are. Counsel has merely submitted an invoice showing his charges as well as the charges of an unknown "SGS." There is no suggestion as to what the actual market rate should be, but, doing the math, it appears that counsel believes that $300 an hour is an appropriate fee for his own work and that $90 an hour is an appropriate fee for SGS. While these fees and costs may, in fact, be reasonable and customary, the Court will not speculate - and Pakovich cannot succeed - absent appropriate documentation. Given the absence of *any* documentation supporting Pakovich's motion for attorney's fees and costs, her motion for fees and costs incurred in bringing the current proceeding must be denied.

### IV.   Conclusion

For the above-stated reasons, the Court **DENIES** Pakovich's motion for an award of attorney's fees pursuant to 29 U.S.C. §1132(g) (Doc. 32).

**IT IS SO ORDERED.**

**DATED this 22nd day of April, 2010**

                                                       **s/Michael J. Reagan**
                                                       **MICHAEL J. REAGAN**
                                                       **United States District Judge**