IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA PAKOVICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-cv-0090-MJR |
| | ) |
| VERIZON LTD PLAN, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

**REAGAN, District Judge:**

I. Introduction

In the latest installment of this long-running saga, Lisa Pakovich moves the Court, pursuant to Federal Rule of Civil Procedure 60, to reconsider its April 22, 2010, Order denying her petition for an award of attorney's fees and costs, and to grant her amended petition (Docs. 53, 54). In that Order, the Court concluded that, despite Pakovich's being a prevailing party, her petition for fees and costs had to be denied for two reasons: (1) the Seventh Circuit had twice denied her request for fees, costs and expenses incurred since the Court's November 7, 2006, Order; and (2) Pakovich's request for fees and costs lacked substantiation. Pakovich's Rule 60 motion for relief from order and amended petition for attorney's fees are fully briefed and ready for disposition.

II. Legal Standard

Rule 60(b) allows a district court to relieve a party from an order or judgment on several narrow grounds, including mistake, inadvertence, surprise, excusable neglect,

certain newly discovered evidence, fraud and "any other reason that justifies relief."

A Rule 60(b) motion *cannot* be used to correct legal errors, mistakes or blunders. *Cash v. Illinois Division of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000) (movant's arguments "cannot be shoe-horned into grounds for Rule 60(b) relief."). Rather, Rule 60 only lets courts "overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" *Cash*, 209 F.3d at 698.

The Seventh Circuit has emphasized that Rule 60(b) imposes an "exacting standard" under which the movant must demonstrate exceptional circumstances to prevail. *Romo*, 250 F.3d at 1121 n.3. Clearly, a Rule 60(b) motion may not be used as a substitute for an appeal or to rehash the merits of arguments previously raised by the parties and rejected by the Court. *See Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 479-80 (2008)(Rule 60(b) motion could not be used as substitute for an appeal); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800-01 (7th Cir. 2000) ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal.").

Rule 60(b)(1), upon which Pakovich relies, "may apply to clerical errors, oversights, or omissions by judicial officers." *Harwood v. Summerville*, 92 Fed.Appx. 336, 338 (7th Cir. 2004) (citing *Klingman v. Levinson*, 877 F.2d 1357, 1361 (7th Cir.1989); *see also Brandon v. Chicago Bd. of Educ.*, 143 F.3d 293, 295 (7th Cir. 1998) (Rule 60(b)(1) applies to errors by the court)).

III.     Analysis

2

Pakovich does not challenge the first of the Court's rulings - denial of fees, costs and expenses incurred since the Court's November 7, 2006, Order. She challenges only the Court's ruling that her petition must be denied because it lacked substantiation. Specifically, Pakovich asserts that she had provided substantiation in the form of an affidavit reflecting that the parties agreed that plaintiff's counsel's rate of $300 was reasonable.

The most obvious difficulty with Pakovich's assertions is her failure to provide satisfactory evidence, including affidavits, with her original petition - a matter that she has attempted to rectify in her amended petition. ***Connolly v. National School Bus Service, Inc.*, 177 F. 3d 593, 596 (7th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1996) ("[T]he burden is on the fee applicant to produce satisfactory evidence -** *in addition to the attorney's own affidavits* **- that the requested rates are in line with those prevailing in the community.") (emphasis added)**. The affidavit that Pakovich claims supported her petition for attorney's fees was an exhibit to her motion for summary judgment and not included with her petition for fees. Nor did the petition for attorney's fees refer the Court to the affidavit filed with the summary judgment motion. It is not the Court's job to go back through the record looking for substantiation for the attorney's fee petition. It is inexplicable that Pakovich would attach an insufficient, unsubstantiated bill for fees and costs to her petition for attorney's fees and later complain that the Court should have looked elsewhere for the supporting evidence.

Furthermore, the affidavit to which Pakovich refers is defective. First, the affidavit is not notarized. And, second, the affidavit states,

> 8.    Attached hereto is Exhibit A which accurately reflects the time Affiant devoted in litigation to the matter of recovering for plaintiff the disability

> benefits to which she has continually been entitled. The hours and expenses reflected in Exhibit A were both reasonably and necessarily incurred as a result of Affiant's efforts to recover benefits for plaintiff (Doc. 33-1).

But no Exhibit A is attached to the petition. In sum, the Court had no substantiation in the form of an affidavit attesting to Pakovich's counsel's hours and expenses until the filing of the amended petition on May 4, 2010 (Doc. 54-3). Further disserving Pakovich's claim, in her petition, she cited Exhibits 1A - 1C as itemizing her attorney's time reasonably and necessarily incurred, but 1C is not attached (Doc. 32).

Stated simply, Pakovich does not get a "do-over" when she failed to properly substantiate her claim. Her original petition failed to satisfy the requirements for an award of attorney's fees, and she has identified no ground satisfying the "extraordinary requirements for Rule 60(b) relief, which is granted only in exceptional circumstances." ***Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) (citing *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)).**

### IV.   Conclusion

For the foregoing reasons, the Court **DENIES** Pakovich's Rule 60 motion for relief from Order and her amended petition for attorney's fees (Docs. 53, 54).

**IT IS SO ORDERED.**

**DATED this 4th day of August, 2010**

s/Michael J. Reagan
**MICHAEL J. REAGAN
United States District Judge**

4